# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEROME FLETCHER, B13418, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 24-cv-709-MAB ) |
| WARDEN HVARRE, DR. LARSEN, DEBBIE ISSACS, MAJ. FRENCH, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Jerome Fletcher, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Big Muddy River Correctional Center (Big Muddy), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleges that on June 3, 2023, he did not receive his evening cancer medication and he was informed by a correctional officer that no medications would be distributed that night. The Court found Plaintiff's original complaint (Doc. 1) insufficient, and he has now filed a timely Amended Complaint.

Plaintiff's Amended Complaint (Doc. 17) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff alleges that on June 3, 2023, Defendant French informed inmates that they would not receive their night-time medication. Plaintiff is a lung cancer patient. He claims that without his medication he experienced migraines, body aches, lung pain, constant coughing, and associated mental and emotional distress. (Doc. 17 at 6). He does not mention Hvarre, Larson, or Issacs, in the factual narrative, though he describes each of their job duties in the listing of defendants. He alleges that Issacs and Dr. Larson have a role to ensure that medications are distributed, and medical needs are met, and Hvarre has a more general duty to ensure the safety and security of inmates. (Doc. 17 at 1-2).

Based on the allegations in the Amended Complaint, the Court designates the following count:

**Claim 1:**   **Eighth Amendment deliberate indifference claim against Defendant French;**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court**.** Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### PRELIMINARY DISMISSALS

In the Complaint Plaintiff named Defendants Kimberly Hvarre (Warden), Dr. Larson, and Debbie Issacs (healthcare unit administrator), but he did not include any factual allegations that linked these individuals to the harm he describes. Section 1983 liability is dependent on allegations that link a defendant's personal actions to a constitutional violation. Naming a person in the case caption, without describing their personal role in the fact section, is not sufficient to maintain a claim. *Black v. Lane*, 22 F.3d 1395, 1401 n. 8 (7th Cir. 1994) (naming a defendant in the caption is not sufficient to state a claim).

At most, Plaintiff links these individuals to his missed medication by describing their job duties in the listing of defendants. He explains that Issacs and Dr. Larson both have a duty to ensure that medical needs are addressed, and that Hvarre has a more general duty as Warden to make sure procedures are followed within the prison to ensure the safety and well-being of the inmates. As the Court previously explained upon review of Plaintiff's original complaint, the mere role as a supervisor is insufficient to make out a § 1983 claim. There is no *respondeat superior* (supervisory) liability under Section 1983, so a prison official's general duty to supervise the prison or part of prison operations is not sufficient to state a claim. *See e.g., Miller v. Larson*, 756 Fed. App'x 606, 610 (7th Cir. 2018) (finding that an inmate failed to state a claim against a healthcare administrator concerning the improper distribution of prescription medication because she did not

participate in individualized patient care, and the claim was tantamount to a *respondeat superior* claim). Plaintiff describes Hvarre, Issacs and Larson as acting only in a supervisory capacity to oversee various aspects of the prison that may relate to medication distribution, but this is not enough to proceed under § 1983 for personal liability. Accordingly, Defendants Hvarre, Larson, and Issacs are dismissed without prejudice.

## DISCUSSION

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). *Id.* To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

Specifically with regard to claims about missed doses of medication, an inmate needs to demonstrate some form of harm directly linked to the missed dose. *See e.g., Hamilton v. Gavin*, 2023 WL 2161663, at *6-7 (N.D. Ill. Feb. 22, 2023) (collecting cases concerning missed doses of medication, generally one dose is not enough to state a claim),

*but see e.g., Fields v. Miller*, 2021 WL 1400907, at *1-2 (E.D. Wisc. Apr. 14, 2021) (collecting cases on a missed dose of medication and finding that a single missed dose without any adverse effect was not sufficient to state a claim); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015) (a delay in treatment must also cause prolonged suffering or a discrete injury to state a claim).

Here, Plaintiff alleges that Defendant French informed the inmates that they would not receive their evening doses of medication. He claims he is a lung cancer patient, and that without his medication he suffered. Specifically, he suffered a migraine, body aches, constant coughing, pain in his lungs, and physical and emotional distress without his night-time medication. Considering precedent on missed medication doses, the Court wonders whether this one-time occurrence will be sufficient to sustain an Eighth Amendment claim through summary judgment, but Plaintiff does describe specific physical suffering in association with this issue, so at this early juncture, he will be allowed to proceed against Defendant French.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff's Motion for Recruitment of Counsel (Doc. 19) is **DENIED** at this time without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether to recruit counsel, the Court considers two factors. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff's motion does not demonstrate that he has made his own attempts to recruit counsel. (Doc. 19 at 1). Additionally, it appears that Plaintiff is competent to litigate the case himself at

this stage. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Plaintiff was able to prepare and timely file an amended complaint that is sufficient to proceed at this juncture. Further, at this early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel…cannot be gauged."). No one has been served in this case, and a discovery schedule has not been entered. Although the motion is denied at this juncture, Plaintiff may renew his request for counsel if necessary, as the case progresses.

## DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** of the Amended Complaint (Doc. 17) survives against Defendant French.  By contrast, Plaintiff has failed to state a claim against Hvarre, Dr. Larson, or Debbie Issacs, so the Clerk of Court is **DIRECTED** to **TERMINATE** these defendants.

The Clerk of Court is **DIRECTED** to prepare for Defendant French: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 17), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on

Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA order in this case because it may involve the exchange of medical records.

Plaintiff's Second Motion for Leave to Proceed In Forma Pauperis (Doc. 18) is **DENIED** as **MOOT** because he has already been granted IFP status and has made his initial payment of $64.24. Plaintiff's Motion for Recruitment of Counsel (Doc. 19) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED: June 11, 2024**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.